DONOVAN *vs.* THE MAYOR &c. OF THE CITY OF NEW YORK.

In an action against the corporation of the city of New York, to recover for work done and materials furnished in repairing the streets, an answer setting up that there was an appropriation made by an act of the legislature for repairing roads &c., but that the same was exhausted, is insufficient, where it is not averred and does not appear, that the plaintiff's work was such as was covered by the appropriation.

Where it does not appear, and is not averred, that any department employed the plaintiff, it is no defense to his claim for work to aver that no appropriation had been made, to cover the expense of such work, according to section 28 of the charter of 1857, which forbids the departments of the city government to incur expense before an appropriation.

Where one has been employed to do certain work for a municipal corporation, by an agent of the corporation ordinarily and apparently having power to employ laborers, and work has been done under such employment, the fact that an appropriation, required to be made in advance, has not in fact been made, or if made, that it has been expended, will not constitute a bar to a recovery for the work and labor.

APPEAL from a judgment of the special term in favor of the plaintiff, upon a demurrer to the second defense in the defendants' answer, with leave to the defendants to answer, on payment of costs. The action was brought to recover the value of work done, and materials furnished in the months of November and December, 1863, in the repairing of the public roads in the city of New York. The defendants put in an answer, the material facts of which are set forth in the opinion below. The plaintiff demurred to the second defense, on the ground that it did not state facts sufficient to constitute a defense.

*John K. Hackett*, for the appellants. I. The matter demurred to constitutes a perfect defense to the action. 1. The plaintiff, by his demurrer, admits: (1.) That the appropriation for repairing roads and avenues was exhausted at the time of his employment. (2.) That there is no money in the treasury applicable to the payment of his claim. (3.) That no appropriation covering the expense of the work performed by him has ever been made. (4.) That the

necessity for the work has never been certified to by the head of the appropriate department, and that the work was never authorized by the common council. The charter of 1857, (§ 28,) provides that "no expense shall be incurred by any of the departments or officers, whether the object of the expenditure shall have been ordered by the common council or not, unless an appropriation shall have been made covering such expense." (1 *Laws of* 1857, *p.* 884, § 28.) By this section of the charter, every office and department of the corporation is prohibited from incurring any expense without a previous appropriation. The demurrer admits that there has been no appropriation; this case therefore is clearly within the language of this section. Under the 38th section of the charter, it has been repeatedly decided that the corporation is not liable upon contracts made in disregard of its provisions. (*Appleby* v. *Mayor*, 15 *How.* 428. *Brady* v. *Mayor*, 2 *Bosw.* 173 ; *affirmed*, 20 *N. Y. Rep.* 312. *People* v. *Stout*, 23 *Barb.* 349. *McSpedon* v. *Mayor*, 15 *How.* 462 ; *affirmed*, 7 *Bosw.* 601. *Christopher* v. *Mayor*, 13 *Barb.* 567.) In these cases the corporation was exonerated from all liability upon contracts made by their officers, because of their failure to comply with the charter provisions regulating and governing the making of contracts. Upon the same principle, though with still greater reason, the corporation should not be held responsible for expenses incurred in violation of the express provisions of the charter forbidding that the expense should be incurred. The argument upon this point is strengthened by the provision of the act of 1863, appropriating the sum of $75,000 for "roads and avenues," which appropriation, it is admitted, was exhausted at the time of the employment of the plaintiff. (*Laws of* 1863, *ch.* 227, *p.* 410, § 3.) The third section of this act provides that "nothing herein contained shall be construed to authorize any department or officer of said corporation, or any other person or persons, to incur any expenses for any purposes whatever, to be paid from the city treasury, which are not expressly

contemplated and authorized by law, or exceeding in amount the sums provided for respectively by this act or by other laws." In case it should be claimed that this case is not within the provisions of the statutes referred to, it is answered that the language of the statute is explicit. The statutes contain no words of exception, but the words employed are: " *No expense shall be incurred without a previous appropriation.*" It is not the province of any court charged with the delicate duty of administering justice and adjudicating upon the rights of parties, to make exceptions to general laws which the laws themselves have not made. The instant any court attempts this it steps beyond the legitimate sphere of its action, transforms itself from a judicial tribunal into a legislative assembly, and ceases to adjudicate the very instant it undertakes to legislate. 2. The charter of .1857 provides that "no expenditure for work or supplies involving an amount for which no contract is required shall be made, except the necessity therefor be certified to by the head of the appropriate department, and the expenditure be as authorized by the common council." (1 *Laws of* 1857, *ch.* 446, *p.* 886, § 38.) The demurrer admits that no certificate has been given, and that the common council have never authorized the performance of the work. The authorities already cited establish, beyond all question, that there can be no liability upon the part of the defendants for work contracted for, performed, and accepted, in cases where the amount exceeds $250, and the contract for the work was not made in accordance with the provisions of this section (§ 38) of the charter. (*Brady* v. *Mayor*, 2 *Bosw.* 173, *and other cases, supra.*) The principles and reasoning upon which these decisions are based, are entirely applicable to the provision of the charter above quoted. The object of the enactment was to insure an honest and economical expenditure of the public money. Hence these limitations upon the power of officers and departments to contract indebtedness, viz: No expense to be incurred without a previous appropriation cov-

ering such expense; necessity of work certified to by head of appropriate department, and authorized by the common council; and the limitation contained in the act of 1863, restricting the defendants to the sum authorized to be levied by that act. In order, therefore, to sustain the demurrer in this action, the court must hold that the defendants are responsible for expenses incurred in strict violation of the provisions of their charter. Such decision must affirm that there is no limitation upon any officer or department of the corporation in incurring expenses, but that all and each of such officers and departments may incur expenses at their own pleasure, and to such an amount as they shall deem proper. This judgment must be pronounced in the face of charter and statutory provisions, which, if not meaningless, prohibit the incurring of the expense which the court is asked to adjudge legal and binding upon the defendants. 3. It can not be claimed that the plaintiff was ignorant of the restrictions placed upon the officers and departments of the corporation in contracting indebtedness. (*Brady* v. *Mayor*, 2 *Bosw.* 173. *Smith* v. *Mayor*, 4 *Sandf.* 221. *Ellis* v. *Mayor*, (*MSS.*) *opinion, Hilton, J.*) In the case of *Smith* v. *Mayor*, (*supra*,) Oakley, Ch. J. says: " We can not regard the street commissioner as acting in the capacity of an agent of the corporation. He is an independent public officer, acting under certain laws, and having no power except as he acts in conformity with them. * * * If an agent in any sense, he is one acting under special instructions, from which he could not depart, and of which the plaintiff was bound to take notice."

II. The fact that the appropriation for defraying the expense of repairing public roads is exhausted, and that there is no money in the treasury applicable to or appropriated for the payment of the plaintiff's claim, is a perfect defense to this action. 1. The defendants, in the exercise of their authority over the streets and roads, act as the agents of the state. They have no interest or property in the streets distinct from

that which is possessed and enjoyed by every citizen of the state. Indeed, they have no property in them at all, but are trustees for the whole public in the exercise of the powers conferred upon them by the legislature. (*People* v. *Kerr*, *Court of Appeals, opinion of Wright, J.*) Such being the nature of the defendant's authority over the public thoroughfares, it follows that in the exercise of the powers conferred upon them with respect thereto, they are charged with no higher duty and subject to no greater liability than any private individual would be in the exercise of the same powers. Now it is a general and reasonable rule, that when a public officer acts in the line of his official duties, his contract engagements and employments are of a public and not a personal character, and that the officer is not personally liable upon them. (*Story on Agency,* 4th ed. §§ 302–307. *Walker* v. *Swartwout,* 12 *John.* 443. *Olney* v. *Wickes,* 18 *id.* 122. *People* v. *Van Wyck,* 4 *Cowen,* 260.) The same reasons which operate to exempt a private individual from liability upon contract engagements made by him in the exercise of the powers belonging to him as a public officer, apply with equal force to the defendants. The defendants are possessed of private property, which they hold and enjoy upon the same tenure by which any private individual holds and enjoys his property. (*Dongan Charter,* §§ 6, 12. *Davies' Laws, pp.* 151, 157, 165, 169. *Montgomerie Charter,* § 1. *Bailey* v. *Mayor of New York,* 3 *Hill,* 531, 539. *Britton* v. *Mayor,* 21 *How.* 251. *Benson* v. *Mayor,* 10 *Barb.* 223.) As respects their private property, and its disposition, the defendants are as free from interference and control as is any private individual in the possession and enjoyment of his property. (*Hoffman's Treatise, pp.* 44, 73. *Atkins* v. *Randolph,* 31 *Verm. Rep.* 226. *Green* v. *Mayor,* 5 *Abb.* 505. *Valentine's Laws, p.* 1199.) It is admitted by the demurrer that the defendants have no funds in their possession applicable to or appropriated for the payment of the plaintiff's claim. It is apparent, that if the corporation

is liable in this action, it is their private property that must respond to the judgment. It is therefore submitted, that the judgment of the court below is erroneous and should be reversed.

*Thos. C. Fields,* for the respondent. I. The plaintiff was duly and properly employed by the defendants through the street commissioner, acting within the scope of his authority. The corporation ordinances, 1859, page 184, section 38, provide as follows : "The street commissioner is authorized and directed to purchase the materials necessary to make the repairs required to the roads, the said materials to be delivered at points on the road where the repairs are required, and is authorized and directed to employ such labor as may be necessary, to distribute such materials and make such repairs without contract."

II. No contract, in accordance with the 38th section of the charter of 1857, was necessary, in the present instance, to authorize the performance of the labor, or the furnishing of the materials mentioned in the complaint, as the street commissioner is duly empowered to do this without contract when the labor and supplies are for repairing the public roads of the city, and the defendants have recognized such employment by the payments made on account thereof. (*Corporation Ordinances of* 1859, *p.* 184, § 38.)

III. The defendants' answer shows that an appropriation had been made of $75,000 to defray the expense of repairing the roads and avenues, for the year 1863. Under this act the defendants employed the plaintiff to perform labor and furnish materials for such repairs in said year, 1863, previous to the time at which the defendants aver the appropriation became exhausted, and the plaintiff was paid for such labor and materials up to the first day of November, 1863, continuing to work and furnish materials as he had been employed to do, and as he had before done, up to the 5th day of

December, 1863. (*Moss* v. *The Rossie Lead Mining Company,* 5 *Hill,* 137.)

IV. The plaintiff's right of recovery is not repugnant to the 28th section of the charter of 1857. The limitation therein being directory in its nature to the heads of departments, does not affect the rights of third parties. In *the Steam Navigation Company* v. *Weed,* (17 *Barb.* 378,) *Parker, J.* says: "When it is a simple question of capacity to contract arising either on a question of regularity of organization, or of powers conferred by the charter, a party who has had the benefit of the contract can not be permitted to question its validity." (*The Chester Glass Co.* v. *Dewey,* 16 *Mass. R.* 102. *McCutcheon* v. *The Steamboat Co.,* 13 *Penn. R.* 13. *Palmer* v. *Lawrence,* 3 *Sand. S. C. Rep.* 170. *Silver Lake Bank* v. *North,* 4 *John. Ch.* 370.) In general, where the agent has acted within the scope of his employment, the principal must suffer the loss rather than a third party who has dealt in good faith with the agent, upon the ground that of two innocent persons, he shall suffer who has put it in the power of another to do an injury. (*Johnson* v. *Jones,* 4 *Barb.* 369. *Exchange Bank* v. *Monteath,* 17 *id.* 171. *Hunter* v. *Hudson River Iron and Machine Co.,* 20 *id.* 493. *Smith* v. *Empire Insurance Co.,* 25 *id.* 497. *Medbury* v. *N. Y. and Erie R. R. Co.,* 26 *id.* 564.)

*By the Court,* GEO. G. BARNARD, J. The plaintiff has brought an action against the defendants, averring, in the ordinary language, that in November and December, 1863, he did work and furnished materials to the defendants and at their request, upon the public roads of the city.

To this complaint the defendants interpose a special defense as follows:

"*Second.* The defendants for a second separate and distinct defense, aver that in and by an act of the legislature of the state of New York, passed April 24, 1863, which act is published in the laws of 1863, chapter 277, page 407, and to

which the defendants hereby refer, there was appropriated the sum of $75,000 to defray the expenses of repairing roads and avenues for the year 1863.

The defendants further answering aver, that at the time the indebtedness mentioned and referred to in the complaint is alleged to have accrued, and at the time of the alleged employment of the plaintiff to perform the work and furnish the materials mentioned in the complaint, the said appropriation was exhausted, and there was and is no money in the city treasury applicable to the payment of the plaintiff's claim.

The defendants aver that no appropriation covering the expense of the work alleged to have been done has ever been made, and they aver that the necessity for the work has never been certified to by the street commissioner, nor was the work ever authorized by the common council."

To this defense the plaintiff has interposed a demurrer, and upon it he had judgment in his favor, at special term, and from this judgment the defendants appeal to this court.

A short examination will, I think, show that the demurrer is well taken. The complaint does not aver what kind of work the plaintiff did, nor what materials he furnished to the defendants. It is no answer to his claim for work and materials done and furnished upon the public roads of the city that there was an appropriation made by state authority of $75,000 for roads and avenues, which was expended. If the plaintiff's claim was for Belgian pavement, or for cleaning streets, or for repaving or repairing streets, the act set forth in the answer appropriates several hundred thousand dollars to these purposes. It is not averred, and it does not appear, that the plaintiff's work was such as was covered by the $75,000 appropriation, and not such as was covered by several other appropriations in and by the act set forth.

The complaint does not aver who employed the plaintiff on behalf of the defendants. It is no defense to his claim for his work to aver that no appropriation had been made, to cover the expense of the plaintiff's alleged work according to

section 28 of the charter of 1857, because by that section the departments of the city government are forbidden to incur expense before an appropriation. It does not appear, and is not averred, that any department employed the plaintiff. The common council may have done it by resolution.

The remaining portion of the defense demurred to arises under section 38 of chapter 446, Laws of 1857, which provides for the issue of all contracts over $250 in amount by sealed bids received after notice, and that all contracts under that amount shall be upon the certificate of the "appropriate department," and that the "*expenditure* be as authorized by the common council."

It does not appear, and is not averred, that the plaintiff's contract was under or over $250, or that the street commissioner's was the proper department to certify to its necessity; neither is it averred that the "expenditure" was not as authorized by the common council.

There is nothing in the pleading which brings the plaintiff necessarily under these provisions of the charter.

If the answer clearly presented the defense that the plaintiff was employed by an agent of the defendants ordinarily and apparently having power to do so, and work was done under this employment, it would not bar his recovery that an appropriation required to be made in advance had not in fact been made, or if it had been made that it was expended. The city and not the laborer would be required to suffer for the improper use of power by the agent of the defendants.

It can not be that the plaintiff, if legally employed, ceased to be so, by the expenditure of the appropriation for the particular work on which he was engaged, without notice from the defendants.

Judgment affirmed, with costs.

[NEW YORK GENERAL TERM, May 2, 1865. *Ingraham, Geo. G. Barnard* and *Clerke,* Justices.]